[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
This is an action in negligence arising out of a motor vehicle accident in which defendant has asserted a special defense that "any damage which may be awarded against them be reduced by any payment made within the framework of Conn. Gen. Stat. sec. 52-572h." Conn. Gen. Stat. sec. 52-572h deals with comparative negligence and permits economic and non-economic damages to be reduced in the proportion of negligence attributable to the person recovering damages. Plaintiff moves to strike the special defense on the ground that it fails to allege subordinate facts sufficient to indicate that there was some negligence on the part of plaintiff.
Practice Book Section 164 relating to special defenses requires facts "which demonstrate that plaintiff has no cause of action must be specially alleged." (Underscoring supplied). Defendants have failed to specially allege such subordinate facts.
Moreover, the gravamen of the special defense appears to be the issue of collateral source payments. This issue would have been more properly raised under sec. 52-225a; this aside there exists a division of authority in Connecticut as to the propriety of asserting collateral source payments as a special defense. Since the only purpose of asserting such a defense would be to notify the court so that it could reduce any verdict in an appropriate situation, and this goal could be achieved by a simple request, we adopt the view of those decisions which hold that such a special defense may not be a asserted. CT Page 1137 Vining v. Capone, 1 Conn. L. Rptr. 498 (1990); Zagaja v. Guerrera 1 Conn. L. Rptr. 401 (1990); Niggins v. Johnson,1 Conn. L. Rptr. 228 (1990).
For the above reasons, the motion to strike is granted.
JERRY WAGNER, JUDGE, SUPERIOR COURT